No. 4338.

SALVADOR DI CRISPINO VS. FRANCOIS BARES.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division "A."

A. J. Rossi, Theo. Cotonio, plaintiff and appellant.

Chas. Louque, defendant and appellee.

DUFOUR, J. On July 18th, 1902, Bares leased to Crispino for truck farming purposes certain patches of ground in this city for a term of five years to be computed from September 1st, 1900 to August 30th, 1905.

The wrtten agreement in the premises contains the following recitals and stipulations.

"The building now occupied by Crispino on a part of the premises leased was erected by said Crispino and paid for by him with his own money, hence the said Francois Bares recognized the said Crispino the owner of the building. It is agreed and understood that at the expiration of this lease, the said Bares binds himself to purchase from said Crispino, the price is to be fixed by two appraisers to be selected by said Bares and said Crispino and the price fixed by said appraisers shall be binding upon the said Bares and Crispino."

It is admitted, (at what precise time however is not shown) that "under the terms of the lease, experts were appointed to carry out the conditions of the lease, and the expert appointed by Crispino appraised the house at $402, and the expert of Bares appraised the house at $200......and that is the cause of this suit."

On November 13th, 1905, plaintiff filed this suit to recover the value of the house and improvements, and on November 27th, 1905, his attorney wrote to Bares as follows:

"I beg to inform you that Mr. Crispino will vacate your land on November 30th, 1905, but will occupy the building until the determination of the suit."

The defendant plead the general issue and asked in recon-vention for rent from the expiration of the lease to the time of

69

delivery of possession. There are two judgments in the record, in which different conclusions were announced by the District Court.

The judgment appealed from is one allowing plaintiff $264.00 for the value of the house, and further allowing defendant $244.00 for rent claimed in his reconventional demand.

In this Court, counsel for Crispino complains that the District Judge, in fixing the value of the property, acted solely on the report of one Sicard who was not appointed under a written order of the Judge and who neither qualified nor was sworn as an expert.

On denying motion to strike out Sicard's report, the District Judge made the following statement, which it is both our pleasure and our duty to accept as final:

"This case, after the new trial was ordered, came on regularly for assignment and testimony was taken. To dispense with testimony as to the value of the improvements the counsel agreed in open Court, both plaintiff and defendant being present, to jointly name an expert and let him value the property after examination by him and make his report, same to go in evidence. Mr. Charles A. Sicard, having been appointed by the parties filed his report on June 4th, the cause having been submitted to be passed on when said report should be filed. Some days after receiving the filed report the plaintiff moved to strike it out. I do not feel authorized to grant the motion because of the agreement made in open Court, on the faith of which no further evidence was adduced, except that already in the record."

It is clear that, under the foregoing circumstances, counsel's over-technical objections cannot now be entertained in a matter so clearly one of consent.

It is also clear that the Judge received Sicard's report merely as additional evidence to be weighed like any other, and that he adopted the amount therein stated as being apparently a fair mean between the extremes of opinion of the original appraisers and the other witnesses as to value who had already testified.

After a careful review of all the evidence, we are not prepared to say that our brother erred, and we shall not disturb his conclusion on this point.

On the question of plaintiff's liability for rent, however, we do not share the views of the District Judge, except so far as he allowed the $24 admitted to be due for rent for October and

November, 1905. As already stated, after the appraisers had failed to agree, Crispino wrote to Bares that, on November 30th, he would vacate the land, but would occupy the building until the termination of the suit.

We fail to find the slightest proof that, after that time, Crispino used the land for truck farming or for any other purpose whatsoever and the only possession he retained was of the house, through the fact of causing an employe to sleep on the premises for purposes of protection.

The anomalous position in which these litigants find themselves is attributable to the peculiar nature of the instrument by which they bound themselves which, in case of disagreement on the part of the appraisers, offered no means of solution except a resort to the Courts for a settlement of their differences. Either the plaintiff must sue to recover the value of his improvements or the defendant must sue to oust him upon offering to purchase the property for such price as he deemed adequate or as might finally be decreed judicially.

It was the privilege of either to take initiative, but it was not the duty of the one more than the other to do so; they stood upon the same footing.

Under the agreement, the house belonged to plaintiff until the defendant purchased it and he could not remove it; he, therefore, had the right to occupy it as owner in order to secure its safety. The fact that the house stood on defendant's land is immaterial, it was placed there with defendant's consent to remain the property of plaintiff until purchased from him.

In no sense can this house owned by one person and built on the land of another, be deemed inseparable from the land, from the standpoint of either fact or law.

Neither law nor equity can sanction the view that, under the circumstances, the plaintiff's possession of the house must make him liable for the rent of a whole tract of land which, he notified the defendant he would not and the evidence shows he did not use.

The plaintiff was not dilatory in the assertion of his rights and cannot be made the victim of a long-drawn out litigation.

The demand for rent accruing after November 30th, 1905 must be rejected. In the matter of costs we shall be governed

71

by the decree in 113 La. 870. The judgment is amended so as to read as follows:

It is ordered, adjudged and decreed that the value of the house and appurtenances erected by plaintiff on defendant's land and herein in controversy be and is hereby fixed at the sum of Two Hundred and Sixty-Four Dollars ($264), for which amount plaintiff is awarded judgment against defendant, payable and exigible upon plaintiff's surrendering possession of said house and appurtenances to the defendant.

It is further ordered, adjudged and decreed that defendant, Francois Bares have judgment in reconvention against Salvador Di Crispino, plaintiff, for Twenty-Four Dollars ($24), with legal interest thereon from judicial demand until paid, and that in all other respects said reconventional demand be rejected.

It is further ordered, adjudged and decreed that the defendant pay the costs of the District Court on the main demand and costs of appeal, and the plaintiff pay costs of reconventioned demand in the District Court.

Feb. 10, 1908.

Rehearing refused, Feb. 24, 1908.

Writ denied by Supreme Court, March 30, 1908.